Good morning, Your Honors, and may it please the Court, my name is Avizag Ayala and I represent Mr. Oscar Perez Fajardo, the petitioner in this matter. I would like to reserve two minutes of my time for rebuttal. Your Honors, there are two issues that I would like to discuss with the Court today in the following order. The first is the petitioner's assertion that the agency applied the incorrect framework and did not properly consider the Frantesco factors, including the nature of the offense, but more specifically the circumstances of the underlying facts of the conviction. And because the agency did not consider those factors properly, which would establish that Mr. Perez is not dangerous, the petitioner was requesting that the Court overturn or remand to the agency for proper consideration. And second, that substantial evidence does not support the agency's denial of cap protection. Starting with the government acquiescence, the record is replete with evidence that the Salvadoran government has tried but has been unsuccessful in its attempt to combat police killings, brutality, extrajudicial killings against gang members or perceived gang members because of tattoos. Their extensive and aggressive measures even to combat gang violence in El Salvador, even through Manutura programs, have been actually the extensive government corruption. There's also evidence that the government investigated, yes, and referred certain cases for prosecution. The judge did take these things into consideration, but the petitioner presented extensive evidence that law enforcement has still been unsuccessful to eradicate this behavior. The record compels that the finding that police brutality and Mr. Perez's torture and possible death because of... You're arguing a particularly serious crime? Your time's running. Excuse me, Your Honor? Your time is running, so are you going to argue the particular serious crime issue? Yes, Your Honor. So, the judge, the petitioner is arguing that the judge focused on the part of the penal code language for the crime that Mr. Perez was convicted, 273A, and focused on only the permissive... I'm sorry, on willful and unlawful conduct, but didn't consider the permissive aspects of that, and also didn't consider... Although he found Mr. Perez Fajardo credible, didn't give weight to his account of the events in the meeting the burden of proof. The immigration judge and the agency continuously referred to his account of events, which was that he pled guilty to the conviction because he did cause his child to be injured, his 21-month-old child to be injured and stop breathing and be hospitalized because of his careless and negligent conduct. He testified that he... That the agency gave to the testimony? Not the weight, Your Honor, but whether or not the agency considered the proper factors under Frantescu, the standard. Yes, Your Honor. What factors under Frantescu are you saying that the agency did not consider? Which factors were not considered? Specifically, Your Honor, the the... Constantly on the record, the IJ and the BIA asserted that they didn't consider petitioner's account of the events because it was countervailed or contradicting with the record of conviction, but there was no evidence presented to counter or contradict the petitioner's account of events. Well, I gather your point is that they made a legal mistake because it correct, Your Honor, in the sense that the presentation of all facts were not mutually exclusive, as were the holdings in most other cases where there's a particularly serious crime binding and the agency weighs all of the factors, especially the circumstances underlying the conviction, and the record counters the account of a petitioner and they choose to be persuaded by one or the other, but here there was no facts that countered the petitioner's account of his negligence or his recklessness. The fact that his 21-month-old baby was injured and hospitalized and that he was the cause of that is not contradicted and is not dispositive of petitioner's own account that he admitted to the carelessness, he admitted to the negligence, he admits that his actions and that's why he pled guilty and he pled guilty and he accepts the enhancement as well that he caused this injury to his child by leaving him unattended with his two siblings. What you're saying is that there was no evidence that he intentionally harmed the child? Yes, Your Honor, there was no evidence. And there was evidence to the contrary and that the IJ did not take that other evidence into account, right? That is correct, Your Honor. He didn't take the evidence into account. He said, I will not accept this evidence because it's contradicted by the record, but the conviction record, but the conviction record or the record that the IJ considered and the BIA also considered was the information, the complaint, the felony complaint, which is just a basically delineates the California Penal Code. Your argument would be that that was more egregious than just relying on the elements of the offense, right? I'm sorry, Your Honor. Your position is that he not only, the IJ not only just relied on the elements of the offense, but he didn't consider anything else. That is correct, Your Honor. And he had the elements of the offense wrong. Yeah. I'm sorry, Your Honor. He had the elements of the offense wrong, at least arguably so. Now, he seems to have said, he said he put a, the IJ, the BIA was very terse. The IJ said the respondent was personally afflicted great bodily injury. I guess he understood that to mean that he had to actually physically hurt him. That is correct, Your Honor. That is that the only thing that the IJ mentions and considers is actual, the language of the Penal Code and the language of the enhancement, but no circumstances surrounding that or any evidence, witnesses or police report. I understand there was no witnesses because the children were very small, all of them. However, the police report, a probation report, anything before or after, the only contradicting considerations that the IJ and the BIA considered were just the Penal Code language and the enhancement, which both allow for permissive conduct. So, the Penal Code and the statute and the enhancement and the petitioner's account of the events are not mutually exclusive and they're not contradictory because he admitted to the, to having caused the injury into his child. He served his time in prison because of it when asked, why did you plead guilty then? And he said, well, because I left my child unattended, which specifically goes to the account of the events. But counsel, the enhancement is for personally inflicting great bodily injury, correct? Yes, Your Honor. So, how can, isn't that necessarily inconsistent with the notion that he was merely negligent? How is that consistent? It's consistent, Your Honor, that and taken into consideration with the Penal Code where his conduct was willful and, I'm sorry, his conduct was permissive and he, in fact, his personal choices caused the child to be. That's not what the enhancement says. The enhancement says personally inflicting great bodily injury on the victim. Yes, Your Honor, and that was a holding by the state court. Have you looked at the California law on what that means with regard when you're dealing with a child? Because I have and it will include, there are California cases or at least one major California case there that you don't have to actually. Yeah, I don't have that in front of me, Your Honor, but I know that there is, he saw that where your actions were reckless and they caused the, were the direct cause of the bodily injury. At least when it's a child. I don't know whether when it's not a child, but when it's a child. Yeah, when in child, in California child cases, if you're negligent, criminally negligent actions cause where the direct personal cause. That could be personally. Yes, Your Honor, and so both the enhancement and the Penal Code allow for permissive conduct and nothing in the record contradicts that. Your Honor, I would like to turn it over to you. Good morning, Your Honors, and may it please the court, Rebecca Nahas for the United States Attorney General Merrick Garland. The agency did not abuse its discretion in determining that petitioner's felony child abuse offense constitutes a particularly serious crime, which renders him ineligible for asylum and withholding of removal. The agency didn't Francesco factors, the nature of the conviction, the underlying facts and circumstances of the crime, and the sentence imposed. Starting, how did it, all it knew about the underlying circumstances was the conviction and his, nothing else. Is that right? Your Honor, I think that you're breaking up. Can you repeat that, please? Oh, yes, I'm sorry. Can you hear me now? Yes. As far as I can tell, the agency considered the conviction and that was all because they had no, and he had an explanation of what happened, and there was no other explanation of what happened. Is that right? Your Honor, the, what the agency did was it looked at petitioner's narrative. He testified that when he was in the bathroom for two to four minutes, his son, he came out of the bathroom, his son was found not breathing. He performed CPR, the child still was unresponsive, so they drove him to the hospital. So the agency credited that testimony except for the part that was directly refuted by the conviction record. How was it directly, and how was it directly refuted? His testimony that he was in the bathroom when his child was injured is refuted by the, by his sentence enhancement, where he was admitted or found guilty of personally inflicting harm on the victim. Do you look at the California case law? Yes, I have. In the Supreme Court of California and People v. Cole, and I'm happy to supply that in a 28-J letter, has held that this personal infliction of injury takes on its common meaning of requiring direct harm. It does not include injury by proximate cause. So his version of events is, is directly in conflict with the conviction record. What about when children are involved? I, I, maybe we do need briefing on this children are involved. There is at least one case, and there may be more, in which given the fact that the parent is responsible for the child, grossly neglecting the child can be personally injuring the child, which is sensible. I mean, if you leave a child alone and a child dies, that's, it's your responsibility, so it's personal. It's not third-party, it's not interact, it's personal, but it's not hitting the child. Well, Your Honor, two points. First, the government does admit that the, the substantive offense of felony child abuse does include negligence, includes injury by proximate cause, and, and the sentence enhancement doesn't require a certain mens rea, but it does require personal, the personal infliction of injury, and, and so... A 20-month-old child alone is not sufficient. Your understanding is that leaving a 20-month-old child alone would not do it, wouldn't, wouldn't trigger the enhancement. That, that is my understanding, that it's, it's a direct action on, on the part of the offender in order to receive that sentence enhancement, and it makes sense, Your Honor, because the, the felony provision, the felony child abuse provision allows for child endangerment-type crimes through negligence or through proximate cause, and it also includes, you know, a more direct infliction of injury, and so if you're going to get a sentence enhancement, it's, it's going to, it needs to mean something other than the, the least culpable conduct under the, the felony statute. Let me ask you this. If, if the California courts have gone both ways on this issue, would that then negate the fact that, that there was legal error on the part of the agency? If the California courts have gone both ways, how could it be erroneous for the interpretation? Well, we don't think that the courts have gone either, both ways, but to answer your question, Your Honor, we think that the agency is permitted to credit different parts of the applicant's testimony and discredit other parts where there's conflicting evidence, and so here there is that conflicting evidence, even if there's some uncertainty in the California courts, which we don't believe that there is. Conflicting evidence, in your view. What is the conflicting evidence? Yes, Your Honor, the conflicting evidence is petitioner's testimony that he was in the bathroom when his child was injured and the sentence enhancement for personal infliction of great bodily injury, and this is consistent with the Supreme Court's recent decision in Ming Dai explaining that even when an applicant is credible, the agency is permitted to discredit portions of his testimony as unpersuasive, where it conflicts with other evidence. That's exactly what the agency did here. Even though petitioner's credible, his testimony that he was in the restroom, his testimony attempting to minimize his conduct is directly refuted by the conviction record. But this case is that we have no alternative narrative. So I disagree with that characterization of the agency's decision because his narrative involves a lot of different facts. He says, I was in the bathroom when I came out. My 21-month-old child was not breathing. I performed CPR. He was still not responsive. I took him to the hospital. So the only part that the agency... No evidence, and when he got to the hospital, there was no evidence that he'd been injured in any way. I mean, there's no beatings or any physical injury. We don't have evidence as to that, Your Honor. That's correct. But the agency did credit his testimony because it wasn't contradicted by other evidence that his 21-month-old child was not breathing. And I don't mean to be repetitive, but these are important facts. He was not breathing. He was not responsive to CPR, and they had to hospitalize him. Certainly, it's not an abuse of discretion for the agency to look at those facts in conjunction with the sentence enhancement where it requires the personal infliction of an act to say that this was a dangerous, serious crime. And the court has long held that crimes that involve... Is it your understanding that either the IJA or the BIA said even if it happened the way he said it did, it would still be a particular... I'm not sure that I read either decision that way, Your Honor. But I do think that that is an alternative holding that if... We can't do that. That's not up to us. Correct. But if the court, meaning if the court finds legal error in the agency's decision, which in our view there is none, but if they do, we think it would be proper to remand for that consideration of whether even if we took his account as whether it would be particularly serious crime since that is a discretionary analysis. Tell me if you sent... At least to begin, I don't know if we want more briefing, but whatever California cases you're relying on. And in particular, the one that I'm interested in is People v. Warwick, 182 Cal. App. 4788. There may be others. So I... And that goes for both lawyers. I would be curious to know whether there is a... What the California law is when there's a child involved of the enhancement. And yeah, Your Honor, I just wanted to also clarify one other point that it's sort of a disputing that the statute does cover negligent conduct, and this court has found that the statute is visible. So you think you could make the enhancement the way that you're understanding it and still be negligent? Still have no... Correct. Perhaps that is a possibility. Great bodily injury doesn't have intent. So you could... He could have gone and... What? Done something to the child that was not intentional. Correct. So we're not trying to suggest that this is an intentional crime or a specific intent crime. Including the enhancement. Yes. No. Both crimes. The substantive offense covers negligence, and so does the sentence enhancement. But that's a red herring because negligent crimes have been found to be particularly serious under this court's president, Anaya Ortiz and Avendando Hernandez. The court found that driving under the influence, which is a strict liability offense, is particularly serious where it involves injury. And here we have that injury to a child, which is a vulnerable, protected class. Ms. Nayash, you're saying even if the IJ accepted the petitioner's facts as being correct with regard to this particular incident, not just the general credibility finding, his finding of a particularly serious crime is appropriate? Yes. That is certainly our position. But we think that the agency properly discredited his testimony because it was contradicted by the record, and the Supreme Court allows that. But alternatively, even if it is... How is that contradictory? You just told me that both the crime and the sentence were appropriate based on the narrative that the petitioner gave. I'm sorry. I may have misspoke, Your Honor. What I was trying to say was that the sentence enhancement, while it does require personal infliction of great bodily injury, it doesn't require certain mens rea. So potentially, it could be committed negligently. But that's a red herring because strict liability offenses can be particularly serious crimes. Do you have any expectations from that? I mean, one of the problems here is... Yes. Ananya Ortiz. Sorry. Right. Who knows what a particular serious crime is? There's no standard. There's no referent. It's basically whatever the agency says it is. Well, Your Honor, the agency has created a three-factor test for this. But without an underlying... It says what you're supposed to say. Well, for this case specifically, I would say that the board's precedent and this court's precedent has been clear that when there's injury or harm to a person, that is more likely to be considered particularly serious. So to say that the agency abused its discretion, where in this case, a 21-month-old child was actually injured, required hospitalization, was found unresponsive and not breathing, that is not an abuse of discretion. But you also said, though, that you don't think we can read the opinions as saying that even if it happened the way you said it happened, that would be a particularly serious crime. Because they said that they didn't believe it happened the way he said it happened. So we can't really go there at this point. In other words, that would have to be a remand. It's possible, but that's not what happened here. But I think that you're misunderstanding my point. My point is he was only unpersuasive as to one part, that he was in the restroom. The rest of it was credited. All of those facts about what happened to his 21-month-old baby were accepted. Those are the facts and circumstances that the agency relied on. That's consistent with the agency and circuit court precedent that when a crime involves injury to a person, it's particularly serious. Arguably, the board does get to know who- I don't know if he was in the restroom. Why would they bother finding it not credible? It wouldn't make a difference. I'm sorry, Your Honor, can you repeat that? Why would they bother finding him not credible, unless they thought it made a difference whether he was in the restroom? Well, Your Honor, the agency is a fact finder, and it reasonably determined that his testimony that he was in the restroom was contradicted by the sentence enhancement for personal infliction. All right. Thank you. Do you have another question? Supplemental briefing. Well, we may ask you to do a supplemental briefing in California. Your Honor, if I- Thank you, Your Honors. Yes. One minute, please. Oh, may I proceed, Your Honor? All right. Want to do a rebuttal? Yes, Your Honor. I'm sorry about that. Your Honor, well, Petitioner is not arguing that one set of facts was more persuasive than the other set of facts. What Petitioner is arguing here is that the immigration judge and the Board of Immigration Appeals just didn't consider any contradicting facts, because no contradicting facts were presented. There was a credibility finding and- Well, suppose we knew that California law said that personally inflicting a- some hands-on affirmative act and not simply a child- another child hurt her. Would that be a contradictory- the fact that he was convicted of the enhancement, would that be a contradictory fact? No, Your Honor- Was California law? Your Honor, in terms of the establishing that Mr. Bettis is a dangerous person, even personally inflicting injury on another person, if permissible or accidental, but that there was actual action committing that injury, could still subject certain facts or apply to certain facts where the actions were involuntary, and that would not necessarily prove- That can't be involuntary, because it had to be willful. Oh, you're stating if it was willful, Your Honor, but what the Petitioner is argument that- or arguing is that the agency nor the IG even considered any contradicting facts, didn't weigh it against- What I'm asking you is, could the conviction itself be a contradictory fact if the conviction in fact requires something to have happened different than what he said happened? If that was the case, yes, Your Honor. However, that is not the case in this matter and- What did the conviction require? Excuse me? Or if it is, what did the conviction actually require? Yeah, and that is a question, Your Honor, that definitely I can brief for the Court as well in our additional supplemental briefing. However, the government mentions Garland v. Dye for the proposition that the agency wasn't persuaded one way or the other, but Petitioner argues that the Garland v. Dye stood for the proposition that a person's or Petitioner's credibility finding was not dispositive of all other evidence, that just because someone is deemed credible, no other evidence should be considered. Petitioner always consistently argued that his credibility finding should have been weighed together or should have been part of the factor analysis under Frantesco, but there was no other contradicting evidence. In Alcaraz and Riquez, which was one of the cases considered for Garland- Yes, Your Honor, I'm sorry. Other than the conviction. Right. All right. Thank you very much. And I think it's been a useful argument because I think we've- But thank you very much, and the arguments were useful. Perez-Fallardo v. Garland is submitted, and we will go to- Thank you.
judges: BERZON, RAWLINSON, Antoon